# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ANNIE MCCARTY | § | |
| | § | |
| v. | § | Cause No. 4:14-CV-284 |
| | § | Judge Mazzant |
| TARGET CORPORATION | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's Amended Motion for Summary Judgment (Dkt. #16) and Defendant's Motion to Strike Plaintiff's Response to Defendant's Amended Motion for Summary Judgment (Dkt. #21). After considering the motions, the responses, and the relevant pleadings, the Court finds the motions should be granted.

## BACKGROUND

Plaintiff, Annie McCarty ("Plaintiff") was employed by Lawrence Merchandising Services ("LMS"), a company independently contracted by Defendant Target Corporation ("Target") to stock and set up its jewelry department. On behalf of LMS, Plaintiff would work several hours, approximately three times a week, arranging the jewelry displays at the Target Store in Denton, Texas. Plaintiff set her own hours, so it was unknown to Target employees when Plaintiff would be coming in to work. On April 24, 2012, Plaintiff went to Target to work for LMS. Plaintiff was working in the Target's "jewelry boat," which is a square-shaped, enclosed, kiosk-like area with a smaller, desk-like "island" at its center housing storage cabinets and an auxiliary cash register. Between the island and the inner-edge of the display cases along the "jewelry boat's" perimeter is a pathway a few feet wide allowing employees to access the displays from within and face customers at points along the perimeter. As Plaintiff walked along this inner pathway, she tripped over some "plastic or acrylic" display boxes that were on the

1

floor up against the base of the interior island. Plaintiff alleges that these boxes were left on the floor by a Target employee. When she tripped, Plaintiff's arms were "full of metal and plastic fixtures" she was carrying to the other side of the jewelry boat (Dkt. #16, Ex. A at 76:8-77:5).

On February 9, 2015, Defendant filed its amended motion for summary judgment (Dkt. #16). On March 2, 2015, Plaintiff filed her response and objections to Defendant's motion (Dkt. #17). On March 10, 2015, Defendant filed its reply (Dkt. #19). On March 12, 2015, Defendant filed a motion to strike Plaintiff's response (Dkt. #21).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th

Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence but must refrain from making any credibility determinations or from weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Turning first to Defendant's motion to strike Plaintiff's response, the Court finds that Plaintiff's response was untimely filed. Local Rule CV-7(e) states that "[a] party opposing a motion has fourteen days from the date the motion was served in which to file a response and any supporting documents." Local Rule CV-6(a) adds three days to the fourteen day period set out by the local rules. Thus, a party opposing a motion for summary judgment has seventeen days in which to file its response and support documents. Target's motion was filed and served on February 9, 2015 (Dkt. #16). Accordingly, Plaintiff's response was due on February 26, 2015, which is seventeen days later. Plaintiff's response was filed on March 2, 2015, and

Plaintiff did not request leave of Court to file its untimely response and supporting documents. The Court finds that Defendant's motion to strike should be granted, and Plaintiff's response is stricken from the summary judgment record as untimely.

However, even if the Court did consider Plaintiff's response in opposition, it still would not find in Plaintiff's favor. Plaintiff first objects to Defendant's use of her deposition testimony as Exhibit A to the motion for summary judgment. Plaintiff asserts that her deposition ended early due to some health issues of Plaintiff, and her counsel was not afforded the opportunity to ask her any questions during the deposition. The parties agreed to continue the deposition at a later time, but no subsequent deposition was taken. The Court finds that this is not a reason to exclude the deposition testimony of Plaintiff from consideration during summary judgment. The testimony of Plaintiff was still taken under oath, and the parties are entitled to rely on that testimony. Further, Plaintiff fails to explain why she could not attach her own affidavit in support of her motion for summary judgment if there were additional facts that needed to be stated. This objection is overruled.

Plaintiff also objects to Defendant's use of Exhibit E, which is a drawing of the jewelry boat area made by Defendant's counsel during the deposition of Plaintiff. In making this drawing during Plaintiff's deposition, Plaintiff assisted counsel in making the drawing. The Court did not consider Exhibit E in its determination on the motion, so Plaintiff's objection is overruled as moot.

Plaintiff asserts that there has been insufficient time for adequate discovery. Plaintiff essentially requests a continuance under Federal Rule of Civil Procedure 56(d), which states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

"[Rule 56(d)] is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Parakkavetty v. Indus. Int'l, Inc*., No. 3:02-CV-1461-D, 2004 WL 354317, at *1 (N.D. Tex. Feb. 12, 2004). "Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely." *State Farm Fire and Cas., Co. v. Whirlpool Corp*., No. 3:10-CV-1922-D (N.D. Tex. Aug. 15, 2011) (citing *Union City Barge Line v. Union Carbide Corp.,* 823 F.2d 129, 136 (5th Cir. 1987)). "It is usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party." *Id*. "Rule 56(d) offers relief where the nonmovant has not had a full opportunity to conduct – not to complete – discovery. The two concepts are distinct." *Id*. (citing *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991)).

It is not sufficient for a summary judgment nonmovant to allege that discovery is incomplete or that discovery will produce needed but unspecified facts. *See Washington v. Allstate Ins. Co*., 901 F.2d 1281, 1284-85 (5th Cir. 1981). The party must demonstrate "how the additional time will enable [it] to rebut the movant's allegations of no genuine issue of fact." *Id*. at 1286 (internal quotation marks omitted) (quoting *Weir v. Anaconda Co*., 773 F.2d 1073, 1083 (10th Cir. 1985)). A nonmovant is not entitled to a continuance if it "fail[s] to explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from further discovery" and gives only "vague assertions of the need for additional discovery." *Bauer v. Albemarle Corp*., 169 F.3d 962, 968 (5th Cir. 1999) (internal quotations and citations omitted). Rule 56 does not require that any discovery take place before summary judgment can be granted. *Washington*, 901 F.2d at 1285.

In its reply, Defendant points out that this case was filed on February 4, 2014, and Plaintiff has not served her initial disclosures, nor propounded any discovery on Target. Plaintiff has not been diligent in seeking discovery in this case, and has not demonstrated that she is entitled to a continuance under Rule 56(d). Therefore, Plaintiff is not entitled to a continuance at this time, and the Court will consider the merits of the summary judgment motion.

Plaintiff asserts claims for negligence, premises liability, and gross negligence. Texas substantive law governs this dispute, since the case is pending before the Court under its diversity jurisdiction. *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 396 (5th Cir. 2013). Defendant moves for summary judgment on the following grounds: (1) that Plaintiff is limited to a premises liability theory of recovery; (2) that the alleged premises defect was not hidden or concealed; (3) that Target had no duty to warn Plaintiff of a alleged premises defect that was not hidden or concealed; and (4) that there is no evidence of gross negligence.

Plaintiff asserts a claim for negligence against Defendants. Negligence law and premises liability law are separate and distinct bodies of law in Texas, and the application of one versus the other turns on what caused an injury. *See, e.g., In re Texas Dep't of Transp.*, 218 S.W.3d 74, 77-78 (Tex. 2007); *Timberwalk Apartments, Partners v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). To pursue relief for an injury under negligent activity law, an injury must flow from ongoing, contemporaneous activity rather than a condition created by that activity. *Keetch*, 845 S.W.2d at 264. An injury is the contemporaneous result of a negligent activity where the evidence shows that the activity occurred near both the time and location of the injury. *Kroger Co. v. Persley*, 261 S.W.3d 316, 320 (Tex. App.-Houston [1st Dist.] 2008, no pet.). On the other hand, a cause of action rooted in premises liability arises from property conditions that make it unsafe. *In re Texas Dep't*, 218 S.W.3d at 77. Plaintiff

6

does not address this issue in her response. Plaintiff's alleged injury flows from a condition of the premises, not from an ongoing, contemporaneous activity, and the Court finds that Plaintiff's claim for negligence is dismissed.

Plaintiff also asserts a claim for gross negligence. In order to establish a claim for gross negligence, Plaintiff would have to demonstrate that an act or omission:

> (1) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
> (2) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Tex. Civ. Prac. & Rem. Code § 41.001(11). Plaintiff has no evidence that, when viewed objectively, an act or omission involved an extreme degree of risk or that the actor had actual, subjective awareness of the risk involved but continued to proceed with conscious indifference. Accordingly, the Court finds Plaintiff's claim for gross negligence should also be dismissed.

In order to establish a cause of action for premises liability a plaintiff must show: (1) the existence of a condition of the premises creating an unreasonable risk of harm; (2) that the premises owner/occupier knew, or should have known, of the existence of that condition; (3) that the premises owner/occupier failed to use reasonable care to reduce or eliminate the risk by rectifying or warning of the condition; and (4) that such failure was a proximate cause of the incident and of Plaintiff's injuries. *Keetch*, 845 S.W.2d at 264. Plaintiff was the employee of an independent contractor of Target. "Generally, a landowner is liable to employees of an independent contractor only for claims arising from a pre-existing defect rather than from the contractor's work, and then only if the pre-existing defect was concealed: 'With respect to existing defects, an owner or occupier has a duty to inspect the premises and warn of *concealed* hazards the owner knows or should have known about.'" *General Elec. Co. v. Moritz*, 257

S.W.3d 211, 215 (Tex. 2008) (citing *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 294 (Tex. 2004) (emphasis in original)).

> An independent contractor owes its own employees a nondelegable duty to provide them a safe place to work, safe equipment to work with, and warn them of potential hazards; it also controls the details and methods of its own work, including the labor and equipment employed. Thus, one who hires an independent contractor generally expects the contractor to take into account any open and obvious premises defects in deciding how the work should be done, what equipment to use in doing it, and whether its workers need any warning. Placing the duty on an independent contractor to warn its own employees or make safe open and obvious defects ensures that the party with the duty is the one with the ability to carry it out.

*Id*. at 215-16. A premises owner's duty to warn employees of an independent contractor does not extend to hazards that are obvious. *Martin v. Gehan Homes Ltd*., No. 03-06-00584, 2008 WL 2309265, at *2 (Tex. App. – Austin June 4, 2008, no pet.). "[W]hether a dangerous condition is concealed or obvious is not controlled by whether the invitee had personal, subjective knowledge or awareness of it." *Id*.

Plaintiff has no evidence that the boxes were concealed or hidden. In fact, the evidence submitted by Plaintiff, which is arguably not proper summary judgment evidence, merely suggests that Plaintiff could not see the boxes when she tripped over them and fell. The undisputed evidence, even when viewed in a light most favorable to Plaintiff, indicates that the boxes were sitting on the floor inside the jewelry boat next to the island in the center. Plaintiff testified that the boxes were not underneath anything, and were sitting on the inside edge of the jewelry boat area. Plaintiff testified that she walked past that area a few minutes prior and had not noticed anything on the floor. There is no evidence in the record from which a jury could conclude that the boxes were a concealed hazard. Plaintiff argues that based on Target's general policy that any boxes in that area had to be picked up and locked away that a jury could conclude that the boxes were a hazard. However, Plaintiff must not only prove that the boxes were a

hazard, but also that they were concealed. There is simply no evidence that the boxes were concealed. For this reason, the Court finds Defendant's motion should be granted.

Defendant further argues that Plaintiff cannot show that Target had or should have had knowledge of the concealed hazard. The Court agrees. A plaintiff may establish actual or constructive knowledge of a potentially harmful condition in one of three ways: (1) proof that the employees caused the harmful condition; (2) proof that the employees either saw or were told of the harmful condition prior to the plaintiff's injury; or (3) proof that the harmful condition was present for so long that it should have been discovered in the exercise of reasonable care. *Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 580 (S.D. Tex. 2012) (citing *Keetch*, 845 S.W.2d at 264). There is no evidence to indicate that Target or its employees had knowledge or should have had knowledge of the concealed hazard. For this additional reason, the Court finds Defendant's motion should be granted.

## CONCLUSION

Based on the foregoing, the Court finds that that Defendant's Motion to Strike Plaintiff's Response to Defendant's Amended Motion for Summary Judgment (Dkt. #21) is hereby **GRANTED**

The Court further finds that Defendant's Amended Motion for Summary Judgment (Dkt. #16) is hereby **GRANTED**, and Plaintiff's claims are dismissed with prejudice.

**SIGNED this 8th day of June, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE